UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-935-RLM-MGG

JOSEPH BECKER,

    Defendant.

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed a complaint alleging Correctional Officer Joseph Becker use excessive force against him at the Miami Correctional Facility. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Carson alleges he was in the infirmary on October 29, 2021, with stab wounds to his right arm and wrist as well as his leg and ankle. He alleges Officer Becker grabbed the stitches and staples in his arm and slammed him to the floor without justification. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but

maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). This complaint plausibly alleges the elements necessary to state a claim for a violation of the Eighth Amendment.

For these reasons, the court:

(1) GRANTS Daveaun Carson leave to proceed against Joseph Becker in his individual capacity for compensatory and punitive damages for using excessive force against him by grabbing the stitches and staples in his arm and slamming him to the floor without justification on October 29, 2021, in the infirmary at the Miami Correctional Facility in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Joseph Becker at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 18);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Joseph Becker to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 14, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT