UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

    Plaintiff,

    v.                                                          CAUSE NO. 3:21-CV-935-MGG

JOSEPH BECKER,

    Defendant.

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, is proceeding in this case against Correctional Officer Joseph Becker "in his individual capacity for compensatory and punitive damages for using excessive force against him by grabbing the stitches and staples in his arm and slamming him to the floor without justification on October 29, 2021, in the infirmary at the Miami Correctional Facility in violation of the Eighth Amendment[.]" ECF 19 at 2. Officer Becker filed a motion for summary judgment. ECF 71. Carson filed a response, and Officer Becker filed a reply. ECF 78, 79. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

2

Officer Becker provides an affidavit, in which he attests to the following facts: On October 30, 2021, Carson was receiving treatment in the infirmary for stab wounds he had incurred during an altercation with another offender. ECF 72-1 at 1. Officer Becker was seated at the reception desk conversing with a nurse. *Id.* at 3. Around 8:44 a.m., Carson, who had been let out of his cell for recreation time, approached Officer Becker and requested "hygiene items," which Officer Becker took to mean an indigent kit containing various hygiene items. *Id.* Officer Becker informed Carson the infirmary was currently out of indigent kits and more kits needed to be ordered. *Id.* After advising Carson he could not provide him with an indigent kit, he instructed Carson to "go to rec" so he could enjoy his recreation time. *Id.* Carson continued to request hygiene items and became increasingly agitated and upset. *Id.* at 4. Officer Becker stood up and reiterated his previous response, and stated that Carson's recreation time would end early if he continued to argue. *Id.*

Carson began to slowly move in the direction Officer Becker was pointing toward the recreation area. ECF 72-1 at 4. He then stopped and told Officer Becker to "do [his] job" in an insolent manner, extending one of his fingers at Officer Becker. *Id.* At this point, Officer Becker walked around to the front of the reception desk and ordered Carson back to his cell, stating his recreation time was now over. *Id.* Carson continued to speak to Officer Becker in an argumentative and insolent manner while moving slowly toward the recreation area and refusing to comply with his order to return to his cell. *Id.* Given Carson's refusal and increased agitation, Officer Carson ordered him to submit to mechanical restraints. *Id.* Carson stated, "This is bogus." *Id.*

3

Officer Becker grabbed Carson's left arm about four inches above where his hand met his wrist and began the process of restraining his hands. *Id.* at 4-5. Officer Becker attempted to avoid the stitched area on Carson's wrist to the best of his ability. *Id.* at 5. At this point, Carson willingly bent toward the floor and shifted his weight to begin falling to his right. *Id.* Officer Becker moved with him to avoid any further injury to his wrists. *Id.* Once Carson was on the floor on his side, Officer Becker administered handcuffs, helped him to his feet, and escorted him to his cell. *Id.*

Carson attests to a slightly different version of the facts. Specifically, Carson attests he did not violate any rule or do anything to merit any use of force and followed every command given to him by Officer Becker, but Officer Becker nevertheless grabbed him by his stitches and intentionally tore them out to cause him pain. ECF 78-1 at 1-3. Additionally, Carson provides an affidavit from another inmate who attests he saw Officer Becker manhandle Carson and slam him to the ground. *Id.* at 5.

Officer Becker argues there are no genuine issues of disputed material fact because Carson's allegations are refuted by video footage of the incident, which shows he used only a minimal amount of force to apply restraints and restore discipline. ECF 72 at 4-8. Generally, a court is required to view the facts in the light most favorable to the nonmoving party. *Ogden*, 606 F.3d at 358. However, when "the evidence includes a videotape of the relevant events, the Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016) citing *Scott v. Harris*, 550 U.S. 372, 379-80 (2007).

4

Here, the video evidence refutes Carson's attestations and shows Officer Becker used only a reasonable amount of force to restore discipline. *See* ECF 75. First, while Carson attests he followed every order of Officer Becker and there was no need for any use of force, Carson does not dispute Officer Becker's attestations that he ordered Carson to (1) stop arguing, (2) return to recreation, and (3) return to his cell. The video evidence shows Carson did not comply with these orders, and instead moved slowly in the direction of recreation before stopping to continue having an animated conversation with Officer Becker. Thus, the video evidence demonstrates that Carson did not comply with Officer Becker's orders. Second, the video evidence refutes Carson's attestation that Officer Becker intentionally tore the stitches from his wrist. Specifically, even accepting as true that Carson's stitches were torn during this interaction, the video does not show any action by Officer Becker consistent with him intentionally tearing the stitches. Rather, the video shows Officer Becker uses only a reasonable amount of force to restrain Carson's arm to apply handcuffs, and slowly lowers Carson to the floor once he starts going to the ground. Third, the video evidence refutes any assertion that Officer Becker slams Carson to the ground, instead showing that Officer Becker slowly lowers him to the ground once he starts falling down on his own volition. Thus, the video evidence shows Officer Becker uses only a reasonable amount of force to restore discipline, and there is no evidence by which a reasonable jury could conclude Officer Becker used force maliciously and sadistically to cause harm. *See Hendrickson*, 589 F.3d at 890.

Accordingly, because there is no evidence by which a reasonable jury could conclude Officer Becker used excessive force against Carson, Officer Becker is entitled to summary judgment.

For these reasons, the court:

(1) GRANTS Officer Becker's motion for summary judgment (ECF 71); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Becker and against Daveaun Carson.

SO ORDERED on August 24, 2023

                                                 s/Michael G. Gotsch, Sr.
                                                 Michael G. Gotsch, Sr.
                                                 United States Magistrate Judge